# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9852 | **DATE** | 7/19/2002 |
| **CASE TITLE** | Expressway Salvage vs. Village of Markham | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION: Village of Markham's motion to dismiss is denied. [3-1] Status hearing set for September 18, 2002 at 10:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 2 2 2002 | |
| | Notified counsel by telephone. | | date docketed | 8 |
| | Docketing to mail notices. | | S.B. | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7/19/2002 | |
| | | | date mailed notice | |
| AMM | courtroom deputy's initials | 02 JUL 19 PM 3:48 Date/time received in central Clerk's Office | AMM mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EXPRESSWAY SALVAGE, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 01 C 9852 |
| VILLAGE OF MARKHAM and REVEREND AL SAMPSON, | ) |
| Defendants. | ) |

DOCKETED
JUL 2 2 2002

## MEMORANDUM OPINION

Before the court is defendant Village of Markham's motion to dismiss the complaint. For the reasons explained below, the motion is denied.

### BACKGROUND

Plaintiff Expressway Salvage, Inc. ("Expressway") brings this action against the Village of Markham, Illinois (the "Village"), and the Reverend Al Sampson. The facts alleged in the complaint and the attached exhibits, which we take as true for purposes of this motion, are as follows.

An individual named Richard Neumann died in 1998. He had been the sole shareholder of an Illinois corporation called Keep It Safe Storage, Inc. ("Keep It Safe"). Keep It Safe owned the property known as 15900 S. Crawford in Markham, which had a large warehouse (the "warehouse property"). On December 9, 1999, Mr. Neumann's

heirs executed a quitclaim deed conveying the warehouse property to plaintiff Expressway. The deed was delivered to plaintiff in January 2000 and recorded with the Cook County Recorder of Deeds on January 26, 2000. Prior to the conveyance of the property, the Village of Markham had "directed and authorized the Reverend Al Sampson to occupy, and use the property for his Agricultural Improvement Project." (Complaint, ¶ 9.) "[S]uch authorization was supposedly given Sampson, as a decision of the City Council of Markham." (Id., ¶ 10.) There are no other facts alleged regarding the "direction and authorization."

Sampson occupied the warehouse property and used it for profit on behalf of an entity called the Agricultural Improvement Project, which he controlled. Plaintiff, upon taking ownership, demanded that Sampson vacate the premises. Sampson refused. Plaintiff demanded that the Village "exercise its police power and evict Sampson, who was trespassing on plaintiff's property." (Id., ¶ 14.) The Village would not do so. Plaintiff filed a forcible entry and detainer action to evict Sampson and incurred substantial fees and costs. During the litigation, the Village "retained counsel, for and actually appeared for Sampson, although never putting forth any defense as to why either it or Sampson had any right to the property." (Id., ¶ 15.) Plaintiff received an Order of Possession in September 2000, but Sampson did not vacate the property until January 2001. Plaintiff maintains that, from

January 2000 to January 2001, it was deprived of the use of the warehouse property, including rents it would have received.

Plaintiff brought this action in December 2001. Count I of the Complaint is a 42 U.S.C. § 1983 claim against the Village. Plaintiff claims that the deprivation of its property occurred without due process of the law and constituted a denial of equal protection of the laws under the Fourteenth Amendment. Counts II and III are state law claims against Sampson for trespass and unjust enrichment. The Village now moves to dismiss the complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

**DISCUSSION**

Plaintiff alleges that the Village did two things that violated plaintiff's rights to due process and equal protection: (1) "directed and authorized" Sampson to occupy the warehouse property; and (2) "refused to use its police power to evict" Sampson. (Complaint, ¶ 18.)

First, the Village argues that it is immune from suit under the Illinois Tort Immunity Act, 745 ILCS 10/2-103. This argument is without merit because the Tort Immunity Act does not apply to § 1983 claims; immunity on federal claims is a matter of federal law. See Payne v. Churchich, 161 F.3d 1030, 1038 (7th Cir. 1998).

The Village also contends that the complaint fails to state a claim that it deprived plaintiff of equal protection of the laws.

We agree. Equal protection claims generally fall into three categories. See Brazdo v. Illinois Dep't of of Prof'l Regulation, No. 94 C 134, 1997 WL 80952, at *4-5 (N.D. Ill. Feb. 21, 1997). The first category includes cases in which the government singles out members of a vulnerable group for unequal treatment. To state a "vulnerable group" claim, a plaintiff must allege that it is a member of a protected class and that the defendant acted with a discriminatory purpose. The second category consists of cases involving laws or policies that are based on arbitrary or irrational distinctions. The third category includes cases in which government officials persecute individuals for vindictive or otherwise illegitimate reasons. See id. Here, the complaint does not allege that plaintiff is a member of any protected class, or that the Village's actions were arbitrary or irrational, or that the Village singled out plaintiff for vindictive reasons. Therefore, the complaint fails to state a § 1983 claim based on a denial of equal protection.

The Village argues that plaintiff does not have standing to bring a § 1983 due process claim based on the "direction and authorization" of Sampson to occupy the warehouse property because plaintiff did not own the warehouse property at the time of the direction. The Village, however, cites no authority for its argument. Plaintiff's brief also does not shed any light on the issue (likely, in part, because the reference to standing appears

only in the Village's reply brief). In light of our uncertainty of the governing legal principles, we simply cannot say on the basis of the pleadings that plaintiff has failed to state a § 1983 claim based on the "direction and authorization."[1] In other words, it is not clear "that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Jones v. General Elec. Co., 87 F.3d 209, 211 (7th Cir.), cert. denied, 519 U.S. 1008 (1996). Therefore, we will not dismiss the complaint. But it may be that after further facts are discovered, defendant will be entitled to judgment as a matter of law.

It does not appear that defendant Sampson has been served with summons, so plaintiff is given 21 days to do so. No depositions shall be taken until a discovery schedule is set at the September status hearing, see infra.

## CONCLUSION

For the foregoing reasons, the Village's motion to dismiss the claim asserted against it is denied. Plaintiff is given until August 9, 2002 to serve defendant Sampson with summons. A status hearing is set for September 18, 2002 at 10:30 a.m.

---

[1] Accordingly, at this point we need not decide if the Village's alleged refusal to evict Sampson from the warehouse property is an adequate basis for the § 1983 claim. We should add, however, that it appears doubtful. Moreover, plaintiff's argument that a conspiracy between public officials and private parties to deprive a person of property rights is actionable under § 1983 is irrelevant because the complaint does not allege any conspiracy.

DATE:      July 19, 2002

ENTER:     _____
           John F. Grady, United States District Judge